**MANDATE**

12-1288-cv
Ovesen v. Mitsubishi Heavy Indus.

N.Y.S.D. Case #
04-cv-2849(JGK)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand thirteen.

PRESENT:
    RALPH K. WINTER,
    JOSÉ A. CABRANES,
    DEBRA A. LIVINGSTON,
               *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 15, 2013

ALFREDA SMITH OVESEN, as personal representative of the Estate of Svend A. Ovesen, DBA Crucian International, Inc.,

    *Plaintiff-Appellant,*

          v.              No. 12-1288-cv

MITSUBISHI XYZ CORPORTATIONS, HONEYWELL INC., PROPULSION ENGINES INC., AIRESEARCH MANUFACTURING COMPANY OF ARIZONA GARRETT AIRLINE SERVICES DIVISION, MOONEY AIRPLANE COMPANY, INC., MITSUBISHI AIRCRAFT INTERNATIONAL INC., MAXFLY AVIATION INC., ABC CORPORATION, DUNCAN AVIATION INC., RAYTHEON AIRCRAFT COMPANY, formerly BEECH AIRCRAFT CORPORATION AND SUCCESSOR IN INTEREST TO MOONEY AIR CRAFT,

    *Defendants.*

MITSUBISHI HEAVY INDUSTRIES OF AMERICA INC., MITSUBISHI HEAVY INDUSTRIES LTD.,

    *Defendants-Appellees.*

**MANDATE ISSUED ON 04/15/2013**

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | CHERIE K. DURAND (Paul H. Hulsey, Hulsey Law Group, LLC, Todd E. Duffy, Anderson, Kill & Olick, PC, *on the brief*) Hulsey Law Group, LLC, Charleston, SC. |
| **FOR DEFENDANTS-APPELLEES:** | MARSHALL SETH TURNER (Diana Kim, Timothy H. Eskridge, Jr., *on the brief*) Condon & Forsyth, LLP, New York, NY. |

Appeal from judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 1, 2012 judgment of the District Court dismissing plaintiff's complaint in its entirety is **AFFIRMED**.

This case arises from a 2002 airplane crash that killed Svend A. Ovesen ("decedent") while he was piloting a MU-2B aircraft manufactured by defendants-appellees Mitsubishi Heavy Industries of America, Inc., and Mitsubishi Heavy Industries, Ltd. (jointly "defendants"). Plaintiff Alfreda Smith Ovesen ("plaintiff") subsequently instituted this action for damages based on the parties' diversity of citizenship, *see* 28 U.S.C. § 1332, individually and as personal representative of the estate of decedent, seeking damages against defendants for design flaws in the MU-2B aircraft. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On March 22, 2011 defendants filed a motion for summary judgment, arguing that plaintiff's claims were barred by an eighteen-year statute of repose provided by the General Aviation Revitalization Act ("GARA"), Pub. L. No. 103-298, 108 Stat. 1552 (codified at 49 U.S.C. § 40101 note). *See* GARA § 2(a), 3(3). In response, plaintiff claimed that a "fraud exception" to the statute of repose—covering instances where an aircraft manufacturer "knowingly misrepresented to the Federal Aviation Administration, [("FAA")] or concealed or withheld from the [FAA], required

2

information that is material and relevant to the performance or the maintenance or operation of [an] aircraft"—allowed it to proceed against defendants. *See* GARA § 2(b)(1). Specifically, plaintiff claimed that defendants were required to disclose to the FAA information contained in a 1973 report to the United Kingdom's Civil Aviation Authority ("CAA report"), concerning supposed flight performance problems, and that defendants' failure to do so rendered the statute of repose inapplicable.

In a thorough Memorandum Opinion and Order of March 1, 2012, the District Court considered the applicability of this fraud exception, *see* GARA § 2(b)(1), as well as the relevant regulations for a manufacturer's reporting requirements, *see* 14 C.F.R. § 21.3(a) and (d), for the specific aircraft and corresponding FAA design approval (otherwise known as a "type certificate") at issue in the case. *See Ovesen v. Mitsubishi Heavy Indus. of Am., Inc.*, No. 04 Civ. 2849(JGK), 2012 WL 677953, at *3-6 (S.D.N.Y. Mar. 1, 2012). Based on this analysis, the District Court concluded that defendants were not required to disclose the information contained in the CAA report to the FAA, making the fraud exception inapposite, and barring plaintiff's action under the 18-year GARA statute of repose. *Id.* at *6. Accordingly, the District Court entered judgment dismissing plaintiff's complaint in its entirety.

On March 14, 2012, plaintiffs sought reconsideration of the District Court's decision, raising a new statutory interpretation argument based on the GARA's legislative history. In a Memorandum Opinion and Order of May 7, 2012, the District Court considered these arguments and denied plaintiff's motion for reconsideration. *See Ovesen v. Mitsubishi Heavy Indus. of Am., Inc.*, No. 04 Civ. 2849(JGK), 2012 WL 1583566 (S.D.N.Y. May 7, 2012). This timely appeal followed.

We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted); *see also*

3

Fed. R. Civ. P. 56.  On appeal, plaintiff primarily argues that, based on the legislative intent of GARA, defendants were required to disclose the CAA report to the FAA under the relevant regulations.  *See* 14 C.F.R. § 21.3.

Having conducted an independent and *de novo* review of the record, we disagree with plaintiff's statutory interpretation arguments and affirm the District Court's dismissal of plaintiff's complaint, substantially for the reasons stated in Judge Koeltl's well-reasoned orders of March 1, 2012 and May 7, 2012.

## CONCLUSION

We have considered all of plaintiff's arguments on appeal and find them to be without merit.  Accordingly, we **AFFIRM** the District Court's March 1, 2012 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



4

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit